IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JENNIFER L. WILSON,                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        1:11CV390
                                   )
SUNTRUST BANK, et al.,             )
                                   )
                Defendants.        )


**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States
Magistrate Judge for a recommended ruling on: (1) Motions [sic] to
Dismiss of Defendant Substitute Trustee Services, Inc. (Docket
Entry 7); (2) Motions [sic] to Dismiss of the Law Firm of Hutchens,
Senter & Britton, P.A. (Docket Entry 10); (3) Motion to Dismiss of
Defendant Jennifer F. Thomas (Docket Entry 28); and (4) SunTrust
Mortgage, Inc., SunTrust Bank, and Residential Funding Company,
LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction
(Docket Entry 60).  (See Docket Entry dated Aug. 16, 2011.)  For
the reasons that follow, the Court should grant the foregoing
Motions in that the Court should dismiss Plaintiff's state law
claims for lack of jurisdiction.  Alternatively, the Court should
dismiss Plaintiff's third, fourth, and seventh causes of action
pursuant to the Rooker-Feldman doctrine and Plaintiff's first,

second and fifth causes of action for failure to state a claim upon which relief can be granted.[1]

## BACKGROUND

The instant action arises primarily out of the foreclosure of Plaintiff's residence. Plaintiff, proceeding pro se, filed a Complaint against SunTrust Bank, SunTrust Mortgage, Inc. ("SunTrust Mortgage"), Residential Funding Company, LLC ("RFC"), The Law Firm of Hutchens, Senter & Britton, P.A. ("HSB"), Substitute Trustee Services, Inc. ("STS"), Jennifer F. Thomas ("Thomas"), and Does 1-10. (See Docket Entry 1.) Although the factual bases for

---

[1] Residential Funding Company, LLC ("RFC") filed a Notice of Bankruptcy and Suggestion of Automatic Stay (Docket Entry 70) informing the Court that, "[o]n May 14, 2012 [], [RFC] . . . filed [a] voluntary petition[] for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York" (id. at 1) and suggesting that, "[a]s a result . . ., the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to [RFC]" (id. at 2). Because RFC nominally was a party both to the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry 60) and RFC's Motion for Judgment on the Pleadings (Docket Entry 61) (as to both of which SunTrust Mortgage, SunTrust Bank and RFC jointly filed a single supporting brief (Docket Entry 62)), the clerk terminated both of those Motions in light of the Notice of Bankruptcy. However, only RFC's Motion for Judgment on the Pleadings (Docket Entry 61) presents grounds for dismissing Plaintiff's sixth cause of action - the sole claim Plaintiff brings against RFC and a claim which involves none of the other Defendants (see Docket Entry 1). Accordingly, in light of the filing of the Notice of Bankruptcy and Section 362 of the Bankruptcy Code, see 11 U.S.C. § 362, the Court should stay any action on RFC's Motion for Judgment on the Pleadings (Docket Entry 61) and thus on Plaintiff's sixth cause of action. However, disposition of the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry 60), which, in form, RFC brought along with SunTrust Bank and SunTrust Mortgage, but which raises arguments under the Rooker-Feldman doctrine inapplicable to Plaintiff's claim against RFC (see Docket Entry 62 at 7), should proceed.

-2-

Plaintiff's various causes of action are not entirely clear from the face of her Complaint (see id.), Plaintiff has attached a number of documents from which, in conjunction with the allegations in the Complaint,[2] the Court can glean the following background:

In January 2007, Plaintiff executed a promissory note ("Note") naming SunTrust Mortgage as Lender, which was secured by a deed of trust ("Deed of Trust") also naming SunTrust Mortgage. (Docket Entry 1-2; Docket Entry 1-3.) On November 3, 2009, HSB, noting that it "represents SunTrust Bank," who it identified as "the '[N]ote [H]older'" (Docket Entry 1-4 at 2 (emphasis added)), sent Plaintiff a notice pursuant to N.C. Gen. Stat. § 45-21.16(c)(5a) informing Plaintiff that she had "defaulted under the terms of [her] Note and/or the [D]eed of [T]rust securing that Note and that [SunTrust Bank as] the [N]ote [H]older has elected to proceed with a foreclosure action consistent with the terms of the [D]eed of [T]rust and North Carolina State Law" (id.). Only after that notice was sent did SunTrust Mortgage execute an assignment ("Assignment") assigning all of its "rights, title and interest" in the Deed of Trust and the Note secured by the Deed of Trust to

---

[2] On a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may properly consider "documents attached to the complaint . . . so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

SunTrust <u>Bank</u>. (Docket Entry 1-7 at 2 (dated Nov. 18, 2009).) The Assignment notes its effective date as March 1, <u>2007</u>. (<u>Id.</u>)[3]

On October 21, 2009, prior to both the notice from HSB indicating that SunTrust Bank was the Note Holder and the Assignment to SunTrust Bank, SunTrust Bank had executed an appointment of substitute trustee ("Appointment"), which provides:

> SunTrust Bank is the holder of the Note evidencing the entire indebtedness secured by the aforesaid Deed of Trust and desires to substitute [STS], or its successor in interest, as Trustee pursuant to the authority granted by N.C. [Gen. Stat. §] 45-10 and as provided for by the Deed of Trust.

(Docket Entry 1-8 at 2.) Thereafter, by way of a "Notice of Hearing Prior to Foreclosure of Deed of Trust," dated November 30, 2009, STS "notified [Plaintiff] that the [N]ote [H]older intends to commence foreclosure on the Note and Deed of Trust" and that Plaintiff had "the right to appear before the Clerk of Superior Court, Cabarrus County Courthouse, at 2:00 PM on January 22, 2010, where [she] will be afforded the opportunity to show cause why the foreclosure sale should not be held." (Docket Entry 1-10 at 2-3.) On January 25, 2010, Thomas, as Assistant Clerk of Superior Court of Cabarrus County, entered an Order finding, inter alia, that "SunTrust Bank is the holder of the [N]ote sought to be foreclosed"

---

[3] An affidavit dated October 27, 2009, by a vice president of SunTrust Mortgage attesting to Plaintiff's default states: "The holder of the Note and indebtedness is: SunTrust Bank, c/o SunTrust Mortgage, Inc." (Docket Entry 1-9 at 2.)

-4-

and that "[STS] can proceed to foreclose."  (Docket Entry 1-5 at 2.)

As a result of these events, the Complaint asserts claims for: (1) "Misrepresentation Breach of Fiduciary Duty" (Docket Entry 1, ¶¶ 17-21); (2) "Malicious Act" (id. ¶¶ 22-28); (3) "Malfeasance - Breach of Oath of Office" (id. ¶¶ 29-34); (4) "Misconduct - Breach of Oath of Office" (id. ¶¶ 35-47); (5) "Material Breach of Contract" (id. ¶¶ 48-73); (6) "Breach of Covenant" (id. ¶¶ 74-84); and (7) "Quiet Title" (id. ¶¶ 85-93).

Much like the factual background contained in the Complaint, however, the allegations of the wrongdoing that support these causes of action are not entirely clear.  Plaintiff's first, second and fifth causes of action appear to complain that notices sent to Plaintiff prior to the foreclosure were deficient.  Specifically, Plaintiff's first stated cause of action - "Misrepresentation Breach of Fiduciary Duty" - contends that HSB lacked authority to send the initial notice regarding Plaintiff's mortgage on behalf of SunTrust Bank because "the Deed [of Trust] fails to provide the '[N]ote [H]older' with the option to delegate the 'Lender['s]' authority for a Notice of Acceleration . . . ."  (Id. ¶ 20.)  In other words, Plaintiff apparently contends that, because SunTrust Bank was not the Note Holder at the time of the notification (as the Assignment had not yet been executed), said notification was improper/ineffective or that HSB committed negligent misrepresentation/fraud.

-5-

Plaintiff's second stated cause of action - "Malicious Act" - seemingly asserts that STS's Notice of Hearing Prior to Foreclosure of Deed of Trust was improper (or that STS committed negligent misrepresentation/fraud) because that notice likewise identifies SunTrust Bank as the Note Holder, despite the assertion that: "SunTrust Bank is/was **not** the 'Note Holder' as defined in the NOTE." (Id. ¶ 25 (underlining, bolding, and capitalization in original).)

Similarly, Plaintiff's fifth stated cause of action - "Material Breach of Contract" - asserts again that "[t]he Deed does not provide the '[N]ote [H]older' with the option to delegate the 'Lender['s]' authority for a Notice of Acceleration." (Id. ¶ 53.) However, this version of Plaintiff's claim appears directed at SunTrust Bank and/or SunTrust Mortgage, in that Plaintiff contends that those Defendants "materially breached the Deed of Trust pursuant to paragraph 22 and the NOTE pursuant to paragraph 1" by way of notices identifying SunTrust Bank as the Note Holder. (Id.)

Plaintiff's third, fourth, and seventh causes of action seem to address the state court findings directly. Specifically, Plaintiff's third and fourth stated causes of action - "Malfeasance Breach of Oath of Office" and "Misconduct Breach of Oath of Office" - assert claims against Thomas for improperly issuing the Order authorizing STS to proceed with the foreclosure and for recognizing SunTrust Bank as the Note Holder. (Id. ¶¶ 39-47.) Plaintiff's

-6-

seventh stated cause of action - "Quiet Title" - alleges that the Deed of Trust itself is void because "[t]he claim, by SunTrust [Bank], of ownership of the NOTE and Deed of Trust gives rise that the Deed of Trust is separated from the NOTE" and "[t]he separation of the NOTE from the Deed of Trust VOIDS the Deed of Trust." (<u>Id.</u> ¶¶ 90-91.)

Finally, the sole cause of action not based on a Defendant improperly naming SunTrust Bank as Note Holder, Plaintiff's sixth stated cause of action - "Breach of Covenant" - apparently asserts that RFC failed to notify Plaintiff of the transfer of certain servicing responsibilities as required under 12 U.S.C. § 2605(b)(1). (<u>Id.</u> ¶¶ 81-82.) The factual matter related to this claim appears only under the heading of this cause of action and complains that "RFC acquired certain servicing rights and responsibilities with respect to the subject mortgage loan" (<u>id.</u> ¶ 78), as to which it failed to give Plaintiff notice (<u>see</u> <u>id.</u> ¶¶ 74-84).

Defendants have separately filed four Motions to Dismiss contending that Plaintiff's claims fail either pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks jurisdiction, or pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. (<u>See</u> Docket Entries 7, 10, 28, 60.) Plaintiff has responded to each of Defendants' Motions. (<u>See</u> Docket Entries 38, 40, 65, 67.)

-7-

Defendants have not replied. (See Docket Entries dated June 27, 2011, to present.)

JURISDICTION

STS and HSB contend that the Court lacks subject matter jurisdiction over the claims against them because those claims do not present a federal question and supplemental jurisdiction should not apply. (See Docket Entries 8 at 4-5; 11 at 4-5.)[4] In addition, all Defendants argue the Rooker-Feldman doctrine bars Plaintiff's claims. (See Docket Entries 8 at 5-8; 11 at 6-8; 29 at 2-4; 62 at 4-8.) Because jurisdiction presents a threshold question, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), the Court should address these issues first.

A.   Federal Question Jurisdiction

Plaintiff admits that her claims against STS and HSB do not arise under federal law and that diversity of citizenship does not exist between her and STS or HSB. (See Docket Entry 39 at 11 ("Plaintiff's claims with respect to STS are not based upon a federal question and [P]laintiff does not argue this point." (emphasis in original)); id. at 12 ("Plaintiff admits no diversity of citizenship exists between STS and Plaintiff."); Docket Entry 41

_____

[4] Although only STS and HSB raised the issue of federal question jurisdiction (see Docket Entries 8, 11, 29, 62), those arguments apply equally to all state causes of action asserted against the Defendants. Moreover, this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).

at 11 ("Plaintiff's claims with respect to HSB are <u>not</u> based upon a federal question and plaintiff does not argue this point." (emphasis in original); <u>id.</u> at 12 ("Plaintiff admits no diversity of citizenship exist between HSB and Plaintiff.").)  Plaintiff, however, asserts that "[b]ecause the claims against both SunTrust Bank, SunTrust Mortgage [] and [STS and HSB] are so inter-related this Court has 'supplemental jurisdiction.'"  (Docket Entry 39 at 12; Docket Entry 41 at 12.)

Federal courts may preside over state law claims in conjunction with federal law claims if said state law claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).  "[W]hether the federal-law claims and State-law claims are part of the same case is determined by whether they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding."  <u>Hinson v. Norwest Fin. S.C., Inc.</u>, 239 F.3d 611, 615 (4th Cir. 2001) (internal brackets and quotation marks omitted).  A district court may properly decline to exercise supplemental jurisdiction over state law claims that "substantially predominate[] over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c).

Although Plaintiff appears to base her contentions of supplemental jurisdiction on her fifth cause of action which is

asserted against SunTrust Bank and/or SunTrust Mortgage (see Docket Entry 39 at 12; see also Docket Entry 1, ¶¶ 22-28, 48-73), only Plaintiff's sixth cause of action, which is asserted against RFC (see Docket Entry 1, ¶¶ 74-84), arises under federal law and thus can provide the basis for supplemental jurisdiction for Plaintiff's state law claims. In this regard, Plaintiff's state law claims and her claim against RFC do not "derive from a common nucleus of operative fact," Hinson, 239 F.3d at 615. All of Plaintiff's causes of action, with the exception of Plaintiff's sixth cause of action against RFC, address perceived deficiencies in notices related to Plaintiff's foreclosure action and/or the foreclosure action itself specifically with respect to identification of SunTrust Bank as the Note Holder.

Plaintiff's cause of action against RFC is thus not only temporally distinct, but also concerns a Defendant named only in that claim (and includes none of the remaining Defendants); moreover, said cause of action addresses a completely separate scenario in that it complains that "[RFC] did not notice Plaintiff of transfer of certain servicing responsibilities." (Docket Entry 1, ¶ 82 (emphasis omitted).) The only relationship between Plaintiff's state law claims and her claim arising under federal law is a tenuous connection to her mortgage. Accordingly, because Plaintiff's state law causes of action are "separately maintainable and determinable without any reference to the facts alleged or

contentions stated in or with regard to," <u>Hales v. Winn-Dixie Stores, Inc.</u>, 500 F.2d 836, 848 (4th Cir. 1974), Plaintiff's federal cause of action against RFC, supplemental jurisdiction does not exist with respect to the remainder of Plaintiff's claims.

      B.    <u>Rooker-Feldman</u>

Even if the Court exercised supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's third, fourth, and seventh causes of action seek de facto appellate review of a state court judgment, which the <u>Rooker-Feldman</u> doctrine bars.

<u>Rooker-Feldman</u> precludes a district court from hearing an action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." <u>Exxon Mobil v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 281 (2005). It properly applies where: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" <u>Willner v. Frey</u>, 243 F. App'x 744, 746 (4th Cir. 2007) (quoting <u>Exxon</u>, 544 U.S. at 284). "In the context of a state court foreclosure proceeding, *Rooker-Feldman* prohibits claims brought in federal court that may succeed only to the extent that the state court wrongly decided the foreclosure action." <u>Poindexter v. Wells Fargo Bank, N.A.</u>, No.

3:10cv257-RJC-DLH, 2010 WL 3023895, at *2 (W.D.N.C. July 29, 2010) (unpublished) (internal quotation marks omitted). "[T]he *Rooker-Feldman* doctrine is particularly relevant when there is a means of appeal provided by the state." <u>Radisi v. HSBC Bank USA, Nat'l Ass'n</u>, No. 5:11CV125-RLV, 2012 WL 2155052, at *4 (W.D.N.C. June 13, 2012) (unpublished).

Under North Carolina law, before issuing the Order allowing STS to proceed with the foreclosure, Thomas, as Assistant Clerk of Superior Court of Cabarrus County, had to examine the proffered evidence and find the existence of, in relevant part: (1) a valid debt; (2) default; (3) the right to foreclosure under the instrument; and (4) notice. <u>See</u> N.C. Gen. Stat. § 45-21.16(d). A ruling for Plaintiff on any of her third, fourth, or seventh causes of action directly addresses these findings. Specifically, finding for Plaintiff on her seventh cause of action requires the Court to deem the Deed of Trust void, which would call the entire foreclosure action into question, and finding for Plaintiff on her third or fourth causes of action would require the Court to overturn the ultimate conclusions, embodied in the state court Order (<u>see</u> Docket Entry 1-5), regarding the holder of the Note and the ability of STS to proceed with the foreclosure.

In addition, Plaintiff's third and fourth causes of action include among the relief requested that the Court order "the Clerk of the General Justice Court North Carolina Cabarrus County to Set

Aside the ORDER of Jennifer F. Thomas file/case number 09 SP 1613 and to seal [it] from the general public" (Docket Entry 1, ¶¶ 33(i), 46(i)), and Plaintiff's seventh cause of action includes among the relief requested that the Court order "[RFC] to record a rescission of the Deed of Trust and all recorded foreclosing documents, registered with the Register of Deeds for North Carolina Cabarrus County" (id. ¶ 92(g)). This Court can grant such relief only by effectively overturning the state court foreclosure action. Finally, Plaintiff had the right to appeal the state court findings to the North Carolina district or superior court within ten days of the issuance of Thomas's Order, see N.C. Gen. Stat. § 45-21.16(d1), yet Plaintiff does not appear to have pursued that right.

On these facts, regardless of the correctness of the state court findings and the related foreclosure action, this Court does not represent the appropriate forum for addressing Plaintiff's concerns. The Rooker-Feldman doctrine applies and thus bars this Court from hearing Plaintiff's third, fourth, and seventh causes of action. See SunTrust Mortg., Inc. v. Pippin, No. 5:10CV1-RLV, 2012 WL 5023109, at *4 (W.D.N.C. Oct. 16, 2012) (unpublished) ("A judicial determination has already been made in the state court special proceeding that foreclosure upon the property . . . was, in fact, proper and consistent with applicable North Carolina law. Under the governing statute, [the losing party in that action] had the opportunity to appeal the foreclosure order. . . . Pursuant to

-13-

*Rooker-Feldman*, this [c]ourt may not sit in appellate review of the state court's judgment as to foreclosure."); <u>In re Almanzar</u>, Bankruptcy No. 12-80385C-13D, 2012 WL 4794361, at *3 (Bankr. M.D.N.C. Oct. 9, 2012) (unpublished) ("The state court found in the Foreclosure Order that Bank of America is the holder of the Note. The Assistant Superior Court [clerk] further determined that [the plaintiff] received proper notice of the foreclosure hearing. The Clerk's . . . order permitting foreclosure sale of [the plaintiff's] home was a final 'judicial act' appealable to the appropriate state court within ten days of its entry. . . . *Rooker-Feldman* prohibits this court from now asserting jurisdiction over [the plaintiff's] defenses against foreclosure, because these defenses can succeed only to the extent that [the plaintiff's] foreclosure case was wrongly decided - a determination which would require this court to exercise de facto appellate jurisdiction over the findings of the state court.").[5]

<u>FAILURE TO STATE A CLAIM</u>

Arguably, <u>Rooker</u>-<u>Feldman</u> does not apply to Plaintiff's first, second, and fifth causes of action to the extent they complain of

---

[5] Plaintiff concedes that the <u>Rooker</u>-<u>Feldman</u> doctrine bars her seventh cause of action for "Quiet Title," but maintains that her other causes of action remain viable. (<u>See</u> Docket Entry 66 at 12 ("The Seventh cause of action for 'QUIET TITLE' is admittedly within the confines of the *Rooker-Feldman* doctrine. All other causes of action in the Complaint fall outside the narrow corridors of the *Rooker-Feldman* doctrine.").) However, as to Plaintiff's third and fourth causes of action, she has cited no pertinent authority to support that contention (<u>see</u> <u>id.</u>) and independent research revealed none.

-14-

injuries inflicted as a result of HSB, STS, and SunTrust Bank/SunTrust Mortgage's actions in negligent misrepresentation, fraud and/or breach of contract rather than directly as a result of the state court judgment. *See* Davani v. Virginia Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006) ("[T]he Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." (emphasis added)); *see also* Lance v. Dennis, 546 U.S. 459, 464 (2006) (emphasizing limits on scope of Rooker-Feldman doctrine); Conklin v. Anthou, No. 12-1466, 2012 WL 3802281, at *3 (3d Cir. Aug. 30, 2012) (unpublished) ("[T]o the extent that [the plaintiff] is attempting to solicit direct federal review of the Pennsylvania courts' decisions, he is directly complaining of injuries caused by the state-court judgments and his efforts are therefore barred by *Rooker-Feldman*. But he is not prevented from otherwise attacking the parties to the foreclosure proceedings or alleging that the methods and evidence employed were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state-court judgments into question."). Plaintiff appears to argue as much in her briefing. (*See* Docket Entry 66 at 4 ("[T]his case does not stem from the foreclosure hearing itself or the determination made by the Clerk of Court. Rather, it seeks a determination of the truthfulness (veracity) of various

documentation, that in and of itself, violates the terms of the contract(s) and numerous federal and state statutes.").)

Regardless, to the extent the Court has jurisdiction over these claims, Plaintiff's first, second and fifth stated causes of action - "Misrepresentation Breach of Fiduciary Duty" against HSB, "Malicious Act" against STS, and "Material Breach of Contract" against SunTrust Bank and SunTrust Mortgage, respectively - fail to state a claim upon which relief can be granted. A complaint fails as a matter of law if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In applying this standard, the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor,

-16-

567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Ashcroft</u>, 556 U.S. at 679, respectively)).

Both Plaintiff's claim for "Misrepresentation Breach of Fiduciary Duty" against HSB and for "Malicious Act" against STS appear to include claims for either negligent misrepresentation or fraud based on notices that Defendants sent to Plaintiff identifying SunTrust Bank as the Note Holder. (<u>See</u> Docket Entry 1, ¶¶ 17-28.) Both of those claims require reliance (or actual deception) and resulting harm or detriment. <u>See</u> <u>Ragsdale v. Kennedy</u>, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) (listing elements of fraud claim); <u>Simms v. Prudential Life Ins. Co. of Am.</u>, 140 N.C. App. 529, 532, 537 S.E.2d 237, 241 (2000) (listing elements of negligent misrepresentation claim). Plaintiff fails to allege that she relied on, or was deceived by, any identification of SunTrust Bank as the Note Holder, much less that the foreclosure (or any other detriment) may have resulted from her reliance on those alleged misrepresentations. (<u>See</u> Docket Entry 1.) Rather, the Complaint alleges that "[t]hese specious document(s), instrument(s), and affidavits presumably <u>might mislead</u> any lay person, ACLERK [sic] in this instant case, into believing all the

-17-

four elements required by the North Carolina Statutes were met prior to the issuance of an ORDER by ACLERK [sic] to proceed with a non-judicial foreclosure, and unquestionably the record of the court rebuts this presumption." (Id., ¶ 8 (emphasis added).)[6]

Moreover, to the extent Plaintiff's claim for "Misrepresentation Breach of Fiduciary Duty" seeks to assert a claim for breach of fiduciary duty against HSB, as Plaintiff's heading would indicate, Plaintiff similarly fails to allege that the purported action of HSB (i.e., naming SunTrust Bank as the Note Holder) constituted the proximate cause of injury to Plaintiff as that claim requires. (See Docket Entry 1; see also Green v. Freeman, ___ N.C. App. ___, ___, 733 S.E.2d 542, 550-51 (2012) ("This court has held that breach of fiduciary duty is a species of negligence or professional malpractice. Consequently, these claims require proof of an injury proximately caused by the breach of duty." (internal quotation marks and brackets omitted)).)

---

[6] Additionally, other courts have found similar claims for fraud barred by res judicata even where Rooker-Feldman does not apply. See Sessley v. Wells Fargo Bank, N.A., No. 2:11-cv-348, 2012 WL 726749, at *8-10 (S.D. Ohio Mar. 6, 2012) (unpublished) (finding claims based on fraud against the state court not barred by Rooker-Feldman, but nonetheless barred by Ohio's version of res judicata); Klein v. United States, No. 3:CV-11-2057, 2012 WL 928698, at *15 (M.D. Pa. Feb. 13, 2012) (unpublished) ("We find that [the] [p]laintiff's present fraud claims against [the] [d]efendants . . . are related to the assignment of the mortgage loan to U.S. Bank, as well as the foreclosure action U.S. Bank instituted against [the] [p]laintiff and that [the] [p]laintiff could have asserted his present claims in the . . . foreclosure action.").

Plaintiff's claim for "Material Breach of Contract" against SunTrust Mortgage and SunTrust Bank also fails as a matter of law. The Complaint alleges that SunTrust Bank and SunTrust Mortgage "materially breached the Deed of Trust pursuant to paragraph 22 and the NOTE pursuant to paragraph 1" because neither of those documents "provide the 'note holder' with the option to delegate the 'Lender['s]' authority for a Notice of Acceleration." (Docket Entry 1, ¶ 53.) As an initial matter, Plaintiff's breach of contract claims against SunTrust Bank appear conflict with her own allegations that SunTrust Bank "has no possessory ownership in the Note or Deed of Trust" (id. ¶ 67), because, to the extent SunTrust Bank is not a party to those documents, it cannot be held liable for any breach. See Justice v. Dimon, No. 3:10cv413, 2011 WL 2183146, at *5 (W.D.N.C. June 6, 2011) (unpublished) ("Breach of contract can not be asserted against a person who was not a party to the contract sought to be enforced."). Regardless, as neither cited provision of the Note or Deed of Trust limits the method by which the Lender provides notice to Plaintiff (see Docket Entries 1-2 at 2; 1-3 at 14), Plaintiff's claims fail.[7]

---

[7] Within Plaintiff's claim for "Material Breach of Contract," the Complaint appears to offer several theories regarding why the Assignment to SunTrust Bank and the Appointment of STS are defective. (See Docket Entry 1, ¶¶ 56-72.) A finding for Plaintiff in this regard could only lead to the conclusion that "the state court wrongly decided the foreclosure action," Poindexter, 2010 WL 3023895, at *2, and, thus, for reasons discussed above, the Rooker-Feldman doctrine bars any claims based on such theories.

<u>DOES 1-10</u>

As a final matter, Plaintiff fails to allege a claim against Does 1-10.  The Complaint's sole reference to Does 1-10 consists of the following:

> The Plaintiff is unaware of all the true names and lawful capacities of all the Defendant(s) sued and/or agents for the Defendant(s) sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that additional defendants <u>may be</u> responsible <u>in some manner</u> for the acts alleged herein and/or discovered at some future date and/or purports to hold or claims to hold a legal or equitable right, title, estate, lien or other interest in the Property, which is subsequent to and subject to the Plaintiff's.  Plaintiff therefore sues said [D]efendants by such fictitious names and will seek leave of the Court to amend this Complaint to their true names, capacities and add any additional causes of action that be [sic] ascertained.

(Docket Entry 1, ¶ 10 (emphasis added).)

"John Doe suits are permissible only against 'real, but unidentified, defendants.'"  <u>Chidi Njoku v. Unknown Special Unit Staff</u>, No. 99-7644, 217 F.3d 840 (table), 2000 WL 903896, at *1 (4th Cir. 2000) (unpublished) (quoting <u>Schiff v. Kennedy</u>, 691 F.2d 196, 197 (4th Cir. 1982)).  Plaintiff's purely speculative assertion does not represent a claim against "real, but unidentified, defendants," <u>Shiff</u>, 691 F.2d at 197, in that it does not allege any acts by or claims against the Doe Defendants.  Accordingly, the Court should dismiss Does 1-10 from this action.

<u>CONCLUSION</u>

This Court lacks jurisdiction over all but Plaintiff's sixth cause of action.  Moreover, because a finding for Plaintiff on her

-20-

third, fourth, or seventh causes of action would require the Court to find that "the state court wrongly decided the foreclosure action," <u>Poindexter</u>, 2010 WL 3023895, at *2, the <u>Rooker</u>-<u>Feldman</u> doctrine bars this Court from hearing those claims. The Complaint otherwise fails to state a claim with respect to the first, second, and fifth causes of action as well as against Does 1-10. Finally, Plaintiff's cause of action against RFC should be stayed in light of RFC's bankruptcy filing.

     **IT IS THEREFORE RECOMMENDED** that the Motions [sic] to Dismiss of Defendant Substitute Trustee Services, Inc. (Docket Entry 7); Motions [sic] to Dismiss of the Law Firm of Hutchens, Senter & Britton, P.A. (Docket Entry 10); Motion to Dismiss of Defendant Jennifer F. Thomas (Docket Entry 28); and SunTrust Mortgage, Inc., SunTrust Bank, and Residential Funding Company, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry 60) be granted in that the Court should dismiss Plaintiff's first, second, third, fourth, fifth, and seventh causes of action for lack of jurisdiction. Alternatively, the Court should dismiss Plaintiff's third, fourth, and seventh causes of action pursuant to the <u>Rooker</u>-<u>Feldman</u> doctrine and Plaintiff's first, second, and fifth causes of action, as well as any claims against Does 1-10, for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's sixth cause of action, brought solely against RFC, be stayed in light of RFC's Notice of Bankruptcy (Docket Entry 70).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 23, 2013